**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| PATRICIA ANN BENJAMIN, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | 1:08-cv-1370-SEB-TAB |
| ) | |
| DENISE LARUE, et al., ) | |
| ) | |
| Defendants. ) | |

**Entry Discussing Motion to Dismiss of Defendant LaRue**

As used in this Entry, "Benjamin" refers to the plaintiff, Patricia Benjamin, and "LaRue" refers to Denise LaRue, one of the defendants. In addition, "the state action" refers to a lawsuit brought by Benjamin and against LaRue and docketed in the Marion Superior Court as No. 49D12-0709-PL-40295, and "the second state action" refers to refers to a lawsuit brought by Benjamin and against LaRue and docketed in the Marion Superior Court as No. 49D01-0805-CT-24074.

Benjamin's claims against LaRue are based on LaRue's representation of Benjamin in a proceeding with the Equal Employment Opportunity Commission ("EEOC"). LaRue, who is an attorney, has filed a motion to dismiss those claims and Benjamin has replied.

Whereupon the court, having read and examined Benjamin's amended complaint, LaRue's motion to dismiss, and the response and reply thereto, and being duly advised, now finds that LaRue's motion to dismiss (dkt 34) must be **granted.** This conclusion is based on the following facts and circumstances:

   1.   Generally, a court ruling on a motion to dismiss may rely on only the complaint and its proper attachments. *Fin. Acquisition Partners LP v. Blackwell,* 440 F.3d 278, 286 (5th Cir. 2006). A court is permitted, however, to rely on "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 127 S. Ct. 2499, 2509 (2007). LaRue's motion to dismiss includes the contention that Benjamin's claims against LaRue fail to state a claim upon which relief can be granted because of prior litigation brought by Benjamin. This prior litigation is properly before the court because the court may take judicial notice of matters in the public record, including documents relating to the state action and to the second

state action. *4901 Corp. v. Town of Cicero,* 220 F.3d 522, 527 n.4 (7th Cir. 2000) (approving district court's reliance on state court order attached to motion to dismiss on res judicata grounds); *Henson v. CSC Credit Services,* 29 F.3d 280, 284 (7th Cir. 1994) (approving district court's reliance on state court documents attached to motion to dismiss); *see also International Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc.,* 146 F.3d 66, 70 (2nd Cir. 1998) ("A court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings.")(internal quotations omitted).

2. LaRue argues that Benjamin's claims against LaRue in this action are barred by the doctrine of *res judicata*. Such an argument can, in appropriate circumstances, justify the dismissal of a complaint for failure to state a claim upon which relief can be granted. *Brzostowski v. Laidlaw Waste Sys., Inc.,* 49 F.3d 337, 338 (7th Cir. 1995) (affirming dismissal pursuant to 12(b)(6) on res judicata grounds). The doctrine of *res judicata* exists to protect "a victorious party from being dragged into court time and time again by the same opponent on the same cause of action." *See Lee v. Village of River Forest,* 936 F.2d 976, 981 (7th Cir. 1991). Thus, *res judicata* rests on the principle that "once is enough." *In re City of Chicago,* 500 F.3d 582, 585 (7th Cir. 2007). Moreover, *res judicata* serves to avoid any inconsistency between the final adjudications of state and federal courts. *See Lumen Const., Inc. v. Brant Const. Co.,* 780 F.2d 691, 696 (7th Cir. 1985) (*res judicata* acts to prevent any conflict between final decisions of state and federal courts). As has been recognized, "[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981). Litigation is needless if, by fair process, a controversy has once gone through the courts to conclusion. And it has gone through, if issues that were or could have been dealt with in an earlier litigation are raised anew between the same parties. *Angel v. Bullington,* 330 U.S. 183, 193-94 (1947)(internal citations omitted).

3. When determining whether the *res judicata* doctrine applies, a federal court must give the same preclusive effect to state court judgments as would the state court. See 28 U.S.C. § 1738. Under Indiana law, a state court judgment precludes all claims that were litigated or could have been litigated in the prior case when four requirements are met: (1) the prior judgment was rendered by a court of competent jurisdiction; (2) the prior judgment was rendered on the merits; (3) "the matter now in issue was, or could have been, determined in the prior action"; and (4) the prior judgment was rendered in a suit between the parties to the new lawsuit or parties in privity with them. *Small v. Centocor, Inc.,* 731 N.E.2d 22, 26 (Ind.App. 2000); *accord, Perry v. Gulf Stream Coach, Inc.,* 871 N.E.2d 1038, 1048 (Ind.App. 2007); *Dawson v. Estate of Ott,* 796 N.E.2d 1190, 1195 (Ind.App. 2003).

4. Applying the above standard, it is evident that the present action, insofar as claims are asserted against LaRue, is barred by the doctrine of *res judicata.*

a. The state court action concluded in the trial court through the entry of judgment on May 22, 2008. The court which entered the judgment was the Marion County Superior Court, clearly a court of competent jurisdiction. Benjamin's appeal from that disposition was dismissed by the Indiana Court of Appeals on September 11, 2008, with rehearing denied on October 30, 2008.

b.   The judgment in the state court action was rendered on the merits. This is evident from the language of the state court's decision. A portion of the summary judgment ruling in the state court action recites that Benjamin's claims against LaRue in that action were "about [LaRue's] representation of [Benjamin] was that [LaRue] did not call witness Cynthia Price at the EEOC trial. Also [Benjamin] complains that [LaRue] had an unspecified conflict of interest in representing [Benjamin] against the United States Postal Service . . . . "

c.   Benjamin's claims against LaRue in this action were, or could have been, determined in the state court action because all such claims arose out of and are based on LaRue's representation of Benjamin before the EEOC.

d.   The decision in the state court action was rendered in a suit between the parties to this new lawsuit, Benjamin and LaRue.

5.   LaRue has shown, and Benjamin has not refuted, that all Benjamin's claims against LaRue asserted in this case could have been asserted in the state court action. All of the elements of the *res judicata* doctrine under Indiana law apply to such claims. This court must now give the same preclusive effect to court judgment in the state court action as would the Indiana state courts.  Indeed, this is precisely what occurred in the second state action. Accordingly, Benjamin's claims against LaRue asserted in this case are barred by the doctrine of *res judicata.* LaRue's motion to dismiss (dkt 34) is hereby **granted**.

6.   The foregoing ruling resolves all claims against LaRue in this action, but not all claims against all parties. No partial final judgment shall issue at this time as to the claims resolved in this Entry.

**IT IS SO ORDERED.**


Date:  05/11/2009

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Neal Frederick Eggeson Jr.
EGGESON APPELLATE SERVICES
nfe1@aol.com

Carly S. Everett
ICE MILLER LLP
carly.everett@icemiller.com

Robert L. Gauss
ICE MILLER LLP
gauss@icemiller.com

Erin N. Norris
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
erin.norris@eeoc.gov

Patricia A. Benjamin
4526 Woodland Drive
Indianapolis, IN 46254